IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MONTOPALUS MCKAY,

    Petitioner,

vs.                                         No. 15-2387-STA-cgc

HARVEY KENNEDY,

    Respondent.

---

ORDER TO MODIFY THE DOCKET
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2254
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") filed by Petitioner Montopalus McKay, inmate number 209294, a detainee at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee. (ECF No. 1.) The Clerk shall record the Respondent as Harvey Kennedy.[1] For the reasons stated below, the Court DENIES the Petition.

## **BACKGROUND**

I. State Court Procedural History

---

[1]The Petition names Mary Thomas and Amy Weirich as Respondents. The only proper Respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is directed to terminate Thomas and Weirich as parties to this action.

Plaintiff was indicted on December 3, 2013, in Shelby County Criminal Court. *See* http://jssi.shelbycountytn.gov (Booking number 13643171). On May 4, 2014, McKay pled guilty to one count of attempted rape. (*Id.*) The record reflects that no further proceedings are pending. (*Id.*)

II.     Procedural History of the Petition

On June 5, 2015, McKay submitted a handwritten document entitled "Habeas Corpus" to the Clerk of Court. (ECF No. 1 at 1.) McKay's document states that this action is brought under "28 U.S.C. § 2254" (*id.*), which authorizes federal courts to issue writs of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). McKay complains of deficiencies in the procedure by which he was indicted and seeks immediate release. (ECF No. 1 at 1-2.)

## **LAW**

A habeas petitioner must first exhaust available state remedies before requesting relief under 28 U.S.C. § 2254(b). Twenty-eight U.S.C. 2254(b) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. *See*, *e.g.*, *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Rose v. Lundy*, 455 U.S. 509, 519 (1982). *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. 28 U.S.C. § 2254(b)(3). A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. 28 U.S.C. § 2254(c); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63. "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" *Id*. at 163 (quoting *Picard*, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." *Id.*

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Id.* When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843-845 (1999) (holding that exhaustion requirement mandates presentation of all claims to state court through discretionary review process). *See also Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987). He has not exhausted his state remedies if he has

3

merely presented a particular legal theory to the courts, without presenting each factual claim. *Pillette*, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard*, 404 U.S. at 277); *Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

## **ANALYSIS**

The relief Petitioner McKay seeks is immediate release. McKay had the right to file a direct appeal of his conviction. He also has the right to file a post-conviction petition and, if unsuccessful in the trial court, take an appeal of that court's decision. It is apparent that he has not yet presented his claims to the state courts. A petitioner has not exhausted his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented" to the district court. 28 U.S.C. § 2254(c). The petition contains only unexhausted claims. Petitioner has not yet attempted to exhaust his state remedies.

Lack of exhaustion may be excused if pursuit of available state remedies would be fruitless because "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). Here, Petitioner alleges no such circumstances.

Because Petitioner's claims are plainly unexhausted, disposition of this petition without an evidentiary hearing is proper. Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. This petition is therefore DISMISSED without prejudice.

4

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005). The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773 (quoting *Slack*, 537 U.S. at 337).

In this case, there can be no question that the claims in this petition are unexhausted. Because any appeal by Petitioner on the issue in this petition does not deserve attention, the Court DENIES a certificate of appealability.

Federal Rule of Appellate Procedure 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* unless the district court certifies that an appeal would not be taken in good faith or otherwise denies

leave to appeal *in forma pauperis*. In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED.

Entered this 29th day of June, 2016.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE